UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | Case No. 2:22-cv-01239-LK |
| ANDREI MEDVEDEV, | ORDER TO SHOW CAUSE AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SHOW CAUSE |
| Appellant/Debtor | |

This matter comes before the Court on Appellee Juan Gates' Motion for Order to Show Cause re Dismissal of BK Appeal, Dkt. No. 7, and on the notices of deficiency of bankruptcy appeal, Dkt. Nos. 5, 6. Appellant Andrei Medvedev has not filed a response to the motion for an order to show cause, which the Court construes as an admission that the motion has merit. *See* LCR 7(b)(2).

Having reviewed the motion, related documents, and record, the Court GRANTS IN PART and DENIES IN PART Appellee's motion. Assuming without deciding that the Court would be warranted in ordering Appellant to pay sanctions in the form of the fees incurred by Appellee in this appeal, Appellee fails to support this request with adequate information to order such sanctions.

ORDER TO SHOW CAUSE AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SHOW CAUSE - 1

Damages awarded under Rule 8020 must only be "just." *See* Fed. R. Bankr. P. 8020(a); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) ("Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."). To determine whether requested fees are "just," courts evaluate whether the fees are excessive. *See, e.g.*, *In re Wisdom*, No. 1:17-CV-00254-DCN, 2018 WL 715333, at *2–3 (D. Idaho Feb. 5, 2018); *In re S. Cal. Sunbelt Dev.'s Inc. v. S. Cal. Sunbelt Devs., Inc.*, No. SACV 06-00270 DDP, 2009 WL 2138490, at *1 (C.D. Cal. July 15, 2009). There are two problems with Appellee's motion in this regard.

First, the motion states that Appellee "has incurred" fees in the amount of "at least" $1,235 in this appeal. Dkt. No. 7 at 4. But the declaration supporting the motion states that counsel spent 2.3 hours on the motion and declaration—amounting to fees of only $747.50—and that he "expect[ed]" to spend an additional 1.5 hours ($487.50 in fees) "reviewing Medvedev's opposition and preparing a reply." Dkt. No. 8 at 2. No opposition or reply was filed, and Appellee made no effort to correct the amount of fees requested in its motion, instead urging the Court to grant it. Dkt. No. 9 at 1. But only 2.3 hours' worth of fees was actually "incurred."

Second, counsel fails to support his fee amount. Fees are excessive when they are not calculated "according to the prevailing market rates in the relevant community"—i.e., the forum in which the district court sits—and "[t]he burden is on the fee applicant himself to produce satisfactory evidence of the relevant market rate." *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (cleaned up). Here, Appellee's counsel conclusorily states in a declaration that he is "familiar with the rates charged by other attorneys in the area and believe[s] this rate [$325 per hour] is at or below the market rate for attorneys with similar experience in the area." Dkt. No. 8 at 2. Counsel does not specify his experience level or

ORDER TO SHOW CAUSE AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SHOW CAUSE - 2

indicate whether "the area" refers to the Western District of Washington or Pasadena, California, where counsel is located. The Court also questions the amount of time spent on the motion, as courts in this district generally issue orders to show cause sua sponte. *See, e.g.*, *In re: Deborah A Galler*, No. 3:16-cv-05072-BHS, Dkt. No. 9 (May 18, 2016); *In re: TML Dev. LLC*, No. 2:09-cv-01503-MJP, Dkt. No. 7 (Nov. 24, 2009).

Given the amount of fees at issue, the Court does not think it necessary to require additional motion practice on this issue simply to justify imposing such sanctions. Consequently, under the circumstances, the Court DENIES without prejudice Appellee's request for sanctions.

However, the Court GRANTS Appellee's request to order Appellant to show cause why this matter should not be dismissed. IT IS ORDERED that Debtor Andrei Medvedev shall show cause by no later than January 31, 2023 why this matter should not be dismissed for failure to perfect and prosecute the appeal.

The clerk is ordered to provide copies of this order to all parties.

Dated this 17th day of January, 2023.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE AND GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER TO SHOW CAUSE - 3