UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>Andrei V. Medvedev,<br><br>     Debtor(s).<br><br>Andrei V. Medvedev,<br><br>     Defendant/Appellant,<br><br> v.<br><br>Juan Gates,<br><br>     Plaintiff(s)/Appellee(s). | CASE NO. C22-1239-KKE<br><br>Bankruptcy No. 22-10858-MLB<br><br>ORDER |

   This appeal arises from the bankruptcy court's July 19, 2022 order granting Appellee Juan Gates's motion for relief from the automatic bankruptcy stay, and the bankruptcy court's August 4, 2022 order denying Appellant Andrei Medvedev's motion for reconsideration. *See* Dkt. No. 1-2. The Court has considered the parties' briefing and the applicable law, and affirms the bankruptcy court's decisions for the following reasons.

   After the father of Appellant Andrei V. Medvedev died, Mr. Medvedev's mother (as personal representative of her deceased husband's estate) sold property (hereinafter "the disputed property") in 2020 to Ms. Gates, who continues to reside there. *See* Decl. of Robert A. Bailey, *In*

ORDER - 1

*re: Andrei V. Medvedev*, Case No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. No. 25-2, Ex. 1. Mr. Medvedev filed two actions in King County Superior Court in the fall of 2021, attempting to obtain title and possession of the disputed property. *See id.*, Dkt. No. 25-2, Exs. 2 & 5. Mr. Medvedev obtained default judgment and default decree in these actions, and the sheriff's initiation of eviction proceedings notified Ms. Gates of the state court actions. *See id.*, Dkt. No. 25-2, Exs. 4, 6 & 8. In May 2022, she moved to vacate the default judgment and decree against her. *See id.*, Dkt. No. 25-2, Exs. 10-11.

Shortly after Ms. Gates moved to vacate the default judgment and decree, Mr. Medvedev filed a Chapter 13 bankruptcy petition. *See* Decl. of Robert A. Bailey, *In re: Andrei V. Medvedev*, Case No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. No. 25-1 ¶¶ 12-13. At the state court hearing on Ms. Gates's motions to vacate, her counsel notified the court that Mr. Medvedev had filed for bankruptcy protection, and argued that the automatic bankruptcy stay did not impact these actions because the state court actions were filed *by* Mr. Medvedev, rather than *against* Mr. Medvedev. *See id.* at ¶ 13. The state court agreed that the stay did not apply, and granted Ms. Gates's motions to vacate, setting aside the default judgment and decree Mr. Medvedev had obtained. *See id.*, Dkt. No. 25-2, Exs. 13-14.

Mr. Medvedev's bankruptcy petition was subsequently dismissed in June 2022, just a few weeks after it was filed, because he failed to file the schedules, statements, lists, and/or plan as required under the bankruptcy code. *See* Order, *In re: Andrei V. Medvedev*, Case No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. No. 24. Two days later, Ms. Gates filed a motion seeking an order that the automatic bankruptcy stay did not apply to the state court orders and/or retroactively annulling the stay, to ensure that the state court orders would not violate the stay. *See* Motion, *In re: Andrei V. Medvedev*, Case No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. No. 25. The bankruptcy court granted Ms. Gates's motion and awarded retroactive relief from

ORDER - 2

the automatic stay to permit Ms. Gates to defend against Mr. Medvedev's claims in state court, and subsequently denied Mr. Medvedev's motion for reconsideration. *See* Orders, *In re: Andrei V. Medvedev*, Case No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. Nos. 35, 38. It is these two orders that Mr. Medvedev appeals to this Court.

On appeal, Mr. Medvedev argues on that upon the filing of his bankruptcy petition, the disputed property became part of the bankruptcy estate and as such, any attempt by the state court to transfer title of the property to Ms. Gates was void at the time the state court orders were entered because the bankruptcy court maintained exclusive jurisdiction over the disputed property. Dkt. No. 20 at 9. But the bankruptcy court explicitly provided retroactive relief from the automatic stay to permit Ms. Gates to defend herself, thereby relinquishing its jurisdiction over the disputed property. *See* Order, *In re: Andrei V. Medvedev*, Case No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. No. 35.

Mr. Medvedev has not presented any authority indicating that the bankruptcy court was not permitted to retroactively annul the stay, or that the appealed orders of the bankruptcy court are erroneous for any other reason. *See* Dkt. No. 20 at 10-13. To the contrary, it is well-settled in the Ninth Circuit that a bankruptcy court may retroactively annul an automatic stay and thereby relinquish exclusive jurisdiction over the bankruptcy estate. *See, e.g.*, *In re Mellor*, 31 B.R. 151, 154 (B.A.P. 9th Cir. 1983), *rev'd on other grounds*, 734 F.2d 1396 (9th Cir. 1984) ("[I]t would appear that Congress [via 11 U.S.C. § 362(d)] has permitted bankruptcy courts to surrender their exclusive jurisdiction over estate property by an annulment of the automatic stay.").

In his reply brief, Mr. Medvedev attempts to argue that the bankruptcy court could not revive or enforce void state court judgments (Dkt. No. 24 at 6-7), but the appealed orders of the bankruptcy court did not purport to do anything of the kind. The bankruptcy court granted Ms.

ORDER - 3

Gates retroactive relief from the stay to allow her to defend herself in the state court actions, but the bankruptcy court did not comment on the merits of the state court actions or attempt to enforce state court judgments.  See Order, *In re: Andrei V. Medvedev*, Case No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. No. 35.

Thus, because Mr. Medvedev has not established error in the appealed orders, the Court AFFIRMS the orders of the bankruptcy court.  And because the timeline of the proceedings, coupled with the lack of merit in the substantive appeal itself, suggest that Mr. Medvedev's appeal was frivolous and/or filed for an improper purpose, Mr. Medvedev is ORDERED to SHOW CAUSE, in a brief no longer than ten pages filed no later than October 6, 2023, why he should not be subjected to sanctions under Federal Rule of Bankruptcy Procedure 8020 and/or 9011.  Ms. Gates may respond in a brief no longer than ten pages filed no later than October 20, 2023, and no reply shall be filed by Mr. Medvedev unless requested by the Court.

Dated this 29th day of September, 2023.

Kymberly K. Evanson
United States District Judge