1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>Andrei V. Medvedev,<br><br>                    Debtor(s). | CASE NO. C22-1239-KKE<br><br>Bankruptcy No. 22-10858-MLB<br><br>ORDER DENYING MOTION TO TRANSFER AND AWARDING SANCTIONS |
| Andrei V. Medvedev,<br><br>                    Defendant(s)/Appellant(s),<br>          v.<br>Juan Gates,<br><br>                    Plaintiff(s)/Appellee(s). | |

After affirming the bankruptcy court orders at issue in this bankruptcy appeal, the Court ordered the parties to address whether Appellant Andrei V. Medvedev should be sanctioned for filing a frivolous bankruptcy appeal. *See* Dkt. No. 27.  While the Court was considering the briefs and supplemental briefs on that issue, Medvedev filed a motion to transfer this case to the United States Court of Federal Claims.  Dkt. No. 48.

The Court finds that the bankruptcy appeal is frivolous and that there is no merit in Medvedev's motion to transfer.  Accordingly, the Court denies the motion to transfer and awards Appellee Juan Gates $12,528.60 in attorney's fees as a sanction under Federal Rule of Bankruptcy Procedure 8020.

# I.      MOTION TO TRANSFER

Medvedev contends that transfer is appropriate because Gates seeks more than $10,000 in sanctions.  Dkt. No. 48.  Medvedev reasons that because he is proceeding *in forma pauperis* in this action, if he is ordered to pay any sanctions in this matter, such an order would be satisfied by the United States, and that a claim against the U.S. government for more than $10,000 must be adjudicated in the Court of Federal Claims.  *Id.*  Medvedev also contends that the filing of this motion stays the action as a whole.  *Id.*

This motion is devoid of merit, and thus the Court finds no need to await further briefing from the parties before ruling.  *See, e.g.*, *Forte v. Schwartz*, No. 1:13-cv-01980-LJO-MJS, 2018 WL 1036403, at *2 (E.D. Cal. Feb. 23, 2018) ("The Court has no obligation to wait for all parties to file formal statements of opposition or non-opposition before ruling on an issue.").  Gates's reply brief on the issue of sanctions cited numerous cases indicating that a court may impose sanctions against a party proceeding *in forma pauperis* (Dkt. No. 45 at 5), and none of those cases suggests that a sanctions order against a party proceeding *in forma pauperis* is satisfied by the U.S. government.  The Court is aware of authority explicitly supporting the opposite conclusion.  *See, e.g.*, *Lay v. Anderson*, 837 F.2d 231, 232–33 (5th Cir. 1988) (ordering a *pro se* prisoner proceeding *in forma pauperis* to pay court costs as a sanction for filing a frivolous appeal, and finding that "costs are payable from his prison account or any other source of assets or income he may have").

By contrast, Medvedev relies only on the *in forma pauperis* statute as support for his position (Dkt. No. 48 at 1), but that statute provides no support for his theory.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.  Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.").

For these reasons, the Court denies Medvedev's motion to transfer.

1

## II.   SANCTIONS FOR FILING A FRIVOLOUS BANKRUPTCY APPEAL

2

**A.   Legal Standards**

3

Federal Rule of Bankruptcy Procedure 8020(a) provides that if the district court finds that

4

a bankruptcy appeal is frivolous, "it may, after a separately filed motion or notice from the court

5

and reasonable opportunity to respond, award just damages and single or double costs to appellee."

6

An appeal is frivolous if the assignments of error are "wholly without merit" or "where, in short,

7

there simply was no legitimate basis for pursuing an appeal." *In re Benham*, 220 F. Supp. 3d 1033,

8

1043, 1044 (C.D. Cal. 2016) (cleaned up).   A court considers many factors when considering

9

whether a bankruptcy appeal is frivolous, including "bad faith on the part of the appellant; that the

10

argument presented on appeal is meritless *in toto*; and, whether only part of the argument is

11

frivolous." *In re Maloni*, 282 B.R. 727, 734 (B.A.P. 1st Cir. 2002).   Sanctions awardable under

12

this rule may include attorney's fees. *In re Benham*, 220 F. Supp. 3d at 1043.

**B.   This Appeal is Frivolous.**

13

14

Because the Court's order affirming the bankruptcy court found that Medvedev's

15

assignments of error were not supported by any authority and were contrary to well-settled

16

authority (Dkt. No. 27), the Court's order supports a finding that Medvedev's appeal was frivolous.

17

*See, e.g.*, *In re Benham*, 220 F. Supp. 3d at 1044 ("[W]hen a reviewing court denies a bankruptcy

18

appeal on the ground that binding precedent dictated that outcome, it will be more difficult for the

19

losing appellant to show that the appeal was nonetheless not frivolous.").   Here, Medvedev has not

20

shown or even argued that his bankruptcy appeal raised colorable arguments, despite multiple

21

briefing opportunities to do so. *See* Dkt. Nos. 28, 44, 46.

22

Furthermore, there are many aspects of the docket in this case demonstrating that this

23

appeal is part of a larger pattern of Medvedev's frivolous use of the legal system.   First, the timeline

24

of the bankruptcy proceeding vis a vis his state court litigation against Gates suggests that

1    Medvedev filed for bankruptcy protection in the first place in order to obtain the benefit of the

2    automatic bankruptcy stay, rather than to reorganize his debts.  Medvedev's bankruptcy petition

3    was filed shortly after Gates moved in state court to vacate the default judgment and decree

4    Medvedev had obtained against her, and his bankruptcy petition was ultimately dismissed "just a

5    few weeks after it was filed, because he failed to file the schedules, statements, lists, and/or plan

6    as required under the bankruptcy code."  Dkt. No. 27 at 2.

7            After his bankruptcy petition was dismissed, Medvedev continued to argue in state court

8    that the court lacked jurisdiction due to the operation of the automatic bankruptcy stay.  *See*

9    Motion, *In re: Andrei V. Medvedev*, No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. No. 25.  Gates

10   filed a motion in the bankruptcy court for retroactive relief from the automatic bankruptcy stay to

11   allow her to defend herself against Medvedev's claims in state court, and the bankruptcy court

12   granted that motion and denied Medvedev's motion for reconsideration.  *Id*., Dkt. Nos. 25, 35, 38.

13          Medvedev then appealed those orders to this Court in September 2022, but was notified

14   three times that he had not complied with the requirements to perfect his appeal.  *See* Dkt. Nos. 5,

15   6, 14.  Medvedev eventually filed most of the requisite documents, and the Court dispensed with

16   the requirement that Medvedev file excerpts of the bankruptcy court record as an appendix in April

17   2023.  *See* Dkt. No. 23.

18          Medvedev then filed a motion to dismiss his appeal as moot (Dkt. No. 16), but this motion

19   was stricken because the Court found that it violated Federal Rule of Bankruptcy Procedure

20   8013(f)(3)(A) and appeared to duplicate the pending appeal.  Dkt. No. 19.  At that time, the Court

21   cautioned Medvedev that strict compliance with the applicable law and rules is required, and that

22   sanctions may be imposed in response to "future misconduct."  *Id*.

23          The appeal was fully briefed thereafter, and the Court found that Medvedev had failed to

24   cite any authority to support his assignment of error in the bankruptcy court orders, and that his

ORDER DENYING MOTION TO TRANSFER AND AWARDING SANCTIONS - 4

position was contrary to well-established authority. Dkt. No. 27 at 3–4. Based on that conclusion, the Court ordered Medvedev to show cause why he should not be sanctioned for filing a bankruptcy appeal that is frivolous or filed for an improper purpose. *Id*. Medvedev then filed a motion for reconsideration that failed to identify any error in the Court's order, and the motion was denied summarily. *See* Dkt. Nos. 29–30. Medvedev's subsequent briefing on the sanctions issue inaccurately contended that the Court had affirmed the bankruptcy court in a "summary one-sentence notation order rather than a memorandum opinion[,]" and failed to establish that his appeal was "wholly without merit." Dkt. No. 28 at 3.

But before the Court could rule on the sanctions issue, Medvedev appealed the Court's order affirming the bankruptcy court to the United States Court of Appeals for the Ninth Circuit, which dismissed Medvedev's appeal as frivolous within a matter of months. Dkt. Nos. 37, 41. After the Ninth Circuit appeal was dismissed, this Court invited the parties to submit supplemental briefing on the issue of sanctions, and Medvedev argued that the Court should not impose sanctions because (1) it has not yet found that the bankruptcy appeal was frivolous or filed for an improper purpose, (2) because the Ninth Circuit failed to impose sanctions even though it dismissed his appeal as frivolous, and (3) because the bankruptcy court permitted him to proceed *in forma pauperis*, which suggests that his appeal is not frivolous. Dkt. Nos. 44, 46.

None of the arguments raised in Medvedev's briefing is persuasive.[1] First, to the extent the Court has not yet explicitly stated that Medvedev's bankruptcy appeal is frivolous, it does so now. Medvedev's assignments of error on appeal to this Court were entirely without merit, and the context of the prior and subsequent procedural history of this appeal provides further

---

[1] Medvedev's briefing also contains a motion to strike, contending that Gates relies on improper evidence related to settlement negotiations in one of her briefs on sanctions. *See* Dkt. No. 46 at 2–3. The Court denies Medvedev's motion to strike as moot because the Court does not rely on the challenged evidence in resolving the issues pending before it.

confirmation of the frivolous nature of the bankruptcy appeal as a whole. Medvedev has not prevailed on any of his arguments to the bankruptcy court, this Court, or the Ninth Circuit, and his repeated meritless requests appear to be filed for the purpose of delaying the final resolution of his litigation against Gates. Under these circumstances, the Court finds that Medvedev's bankruptcy appeal was frivolous, and that sanctions are appropriate under Federal Rule of Bankruptcy Procedure 8020(a).

Despite Medvedev's assertion to the contrary (Dkt. No. 44 at 1), that the Ninth Circuit did not impose sanctions while the case was pending there does not preclude this Court from doing so now. That the Ninth Circuit dismissed Medvedev's appeal as frivolous only further evinces the pattern of frivolous filings in this matter and does not support Medvedev's position on the merits of this appeal. Furthermore, Gates does not seek any attorney's fees related to the Ninth Circuit proceedings, but limits her request to the fees expended while this matter was pending in this Court. Thus, whether the Ninth Circuit sanctioned Medvedev is not relevant to whether attorney's fees for the proceedings here were reasonably expended.

The Court likewise finds no merit in Medvedev's final suggestion: that the bankruptcy court's waiving of Medvedev's appellate filing fees undermines the imposition of sanctions because the fees would not have been waived if the appeal was frivolous. *See* Dkt. No. 44 at 2 (citing 28 U.S.C. § 1915(e)(2)). The bankruptcy court did not waive Medvedev's appeal fees under 28 U.S.C. § 1915, however. The bankruptcy court considered whether fees should be waived in light of Medvedev's financial circumstances under 28 U.S.C. § 1930, which, unlike Section 1915, does not reference consideration of frivolousness. *See In re: Andrei V. Medvedev*, No. 22-10858-MLB (Bankr. W.D. Wash.), Dkt. Nos. 54, 61. Thus, that Medvedev's appeal fees were waived does not suggest that his appeal was not frivolous.

Lastly, the Court rejects (for reasons explained above in connection with the motion to transfer) Medvedev's suggestion that the Court cannot sanction him because he is proceeding *pro se* and *in forma pauperis*. The Court exercises its discretion to do so here in light of the unbroken pattern of Medvedev's frivolous filings, which suggests that sanctions are necessary to penalize and deter this conduct in the future.

**C.    Gates is Entitled to Recover Attorney's Fees Expended in This Appeal.**

Having found that sanctions are appropriate under Rule 8020 because this bankruptcy appeal is frivolous, the Court turns to consider the appropriate amount to award Gates. She has requested reimbursement of her attorney's fees expended while this matter was pending in this Court as a sanction, and has submitted timesheets that list the hours expended on this appeal, along with evidence indicating that the hourly rates sought are reasonable when compared to Seattle averages. *See* Dkt. No. 32 at 10–46.

The Court finds that hours expended on this matter are reasonable and that the hourly rates are reasonable, and notes that Medvedev has not challenged the reasonableness of either the hours expended or the hourly rates despite multiple briefing opportunities to do so. Thus, the Court finds that the uncontested amount requested by Gates is reasonable, as it is the product of a reasonable number of hours expended multiplied by a reasonable hourly rate. *See In re Bonfield*, No. C05-136C, 2005 WL 2810702, at *1 (W.D. Wash. Oct. 27, 2005).

Although the Court is aware of Medvedev's limited financial resources, he has continued to file frivolous motions, appeals, and other filings despite warnings that sanctions may be imposed. *See, e.g.*, Dkt. Nos. 13, 19, 27. Medvedev has not provided this Court with any documentation regarding an inability to pay the amount of fees Gates requested, either. Under these circumstances, the Court finds that Gates is entitled to recover the reasonable attorney's fees she expended in responding to this frivolous bankruptcy appeal, and therefore awards Gates the

full amount requested.  *See, e.g.*, *Wisdom v. Gugino*, 787 F. App'x 390, 393 (9th Cir. 2019) (affirming a sanctions award imposed against a *pro se* debtor without "a hearing to determine his ability to pay because he had provided no relevant evidence in his written response to [opposing party's] motion for attorney's fees" (citing *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) ("[T]he sanctioned party has the burden to produce evidence of inability to pay."))).

### III.    CONCLUSION

As explained herein, the Court DENIES Appellant's motion to transfer this case to the United States Court of Federal Claims.  Dkt. No. 48.  The Court AWARDS Appellee $12,528.60 in attorney's fees as a sanction under Federal Rule of Bankruptcy Procedure 8020(a) for Appellant's filing of a frivolous bankruptcy appeal.  The clerk is directed to enter judgment for Appellee and close this case.

Dated this 28th day of May, 2024.

Kymberly K. Evanson
United States District Judge